IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DEVIN BUTTS, *et al.*,

      Plaintiff,

      v.

NORTHMONT CITY SCH.
BD. OF EDUC., *et al.*,

      Defendants.

:

Case No. 3:25-cv-353

:

Judge Walter H. Rice

Magistrate Judge Peter B. Silvain, Jr.

:

---

ORDER SUSTAINING IN PART AND OVERRULING IN PART SECOND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT OF PLAINTIFFS DEVIN BUTTS, AUSTIN BAKER, IAN BLOUCH, CALEB HARP, AND DAVID PAUL (DOC. #26), OVERRULING AS MOOT PLAINTIFFS' FIRST MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. #21) AND MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANT MATTHEW ROBERT HUNT (DOC. #18); MOTIONS FOR PARTIAL JUDGMENT ON THE PLEADINGS OF DEFENDANTS NORTHMONT CITY SCHOOLS BOARD OF EDUCATION, ANTHONY THOMAS, AND SARAH ZATIK (DOC. #15) IS SUSTAINED AS TO CLAIMS THREE AND EIGHT, OVERRULED AS TO CLAIMS ONE AND TWO, AND OVERRULED AS MOOT AS TO CLAIM FOUR; PLAINTIFFS' SECOND PROPOSED FIRST AMENDED COMPLAINT (DOC. #26-1) SHALL BE FILED WITHIN SEVEN (7) DAYS OF ENTRY; DEFENDANT HUNT AND THE NORTHMONT DEFENDANTS SHALL ANSWER, MOVE, OR OTHERWISE RESPOND TO THE COMPLAINT WITHIN TWENTY-ONE (21) DAYS THEREAFTER; PLAINTIFFS' CLAIMS THREE AND EIGHT ARE DISMISSED WITH PREJUDICE; JUDGMENT SHALL ULTIMATELY ENTER IN FAVOR OF THE NORTHMONT DEFENDANTS AND AGAINST PLAINTIFFS ON CLAIMS THREE AND EIGHT

---

Before the Court are the: Motion for Partial Judgment on the Pleadings of

Defendant Northmont City Schools Board of Education ("Board"), Anthony

Thomas, and Sarah Zatik (collectively "Northmont Defendants") (Northmont Motion for Partial Judgment on the Pleadings, Doc. #15); Motion for Judgment on the Pleadings of Defendant Matthew Robert Hunt (Hunt Motion for Judgment on the Pleadings, Doc. #18); First Motion for Leave to File an Amended Complaint of Plaintiffs Devin Butts, Austin Baker, Ian Blouch, David Paul, (First Motion to Amend, Doc. #21); and Second Motion for Leave to File an Amended Complaint of Plaintiffs Butts, Baker, Blouch, Caleb Harp, and Paul (Second Motion to Amend, Doc. #26).  For the reasons set forth below, Plaintiffs' First Motion to Amend and Hunt's Motion for Judgment on the Pleadings are OVERRULED AS MOOT, the Northmont Motion for Partial Judgment on the Pleadings is SUSTAINED IN PART, OVERRULED IN PART, AND OVERRULED AS MOOT IN PART, and Plaintiffs' Second Motion to Amend is SUSTAINED IN PART AND OVERRULED IN PART

## I.    Factual Background

As Hunt's Motion for Judgment on the Pleadings and the Northmont Defendants' Partial Motion for Judgment on the Pleadings arise under Rule 12(c), and the main argument by the Northmont Defendants in their opposition to the First and Second Motions to Amend is that the amended complaints could not survive a renewed Rule 12 motion, the Court treats as true all well-pleaded factual allegations in the Original and proposed Amended Complaints.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiffs allege that, when Defendant Zatik, then the

Superintendent of Northmont City Schools ("District"), hired Defendant Hunt as a bus driver for the District in 2012, she did so without reviewing his personnel files from two districts where he had worked previously and had been the subject of complaints of sexual misconduct with minors. (Orig. Compl., Doc. #1, PAGEID 2, ¶ 3). Nonetheless, Hunt served as a District Bus Driver from 2012 through 2025, prior to being arrested and indicted on eighty-two counts of sexual misconduct. (*Id.* at ¶¶ 1-2). "On October 23, 2021, [current] Superintendent Anthony Thomas received a detailed email explicitly describing Hunt's pattern of grooming students. Thomas failed to investigate or remove Hunt from student contact." (*Id.* at PAGEID 2-3, ¶ 4).

Hunt sexually assaulted Plaintiffs Baker and Blouch in 2013, Paul in 2017, and Butts in 2025, only four days prior to his arrest. (Doc. #1, PAGEID 3, ¶¶ 6-9). Plaintiffs further allege that Hunt groomed Baker, Paul, and Blouch over a number of years; yet, despite repeated warnings of misconduct before and during Hunt's employment, the District took no action and, in fact, regularly released Baker and Butts from class under a "work permit" program, ostensibly to "perform[] 'work' for Hunt's private business, Hunt Pipe Organ Services." (*Id.* at PAGEID 6-11, ¶ 22-42).

Plaintiffs filed suit on October 22, 2025, raising the following: Claim One, Violation of Title IX against the District (Doc. #1, PAGEID 11-13, ¶¶ 43-51); Claim

Two, Violation of 42 U.S.C. § 1983 against the Northmont Defendants (*id.* at PAGEID 13-15, ¶¶ 52-60); Claim Three, Negligent, Hiring, Supervision, and Retention, also against the Northmont Defendants (*id.* at PAGEID 15-17, ¶¶ 61-70); Claim Four, Failure to Report as required under Ohio law, against the District Board of Education ("Board") and Defendants District Employees Does I through V (*id.* at PAGEID 18-19, ¶¶ 71-79); Claims Five through Seven, Assault and Battery, Civil Liability for Criminal Acts, and Intentional Infliction of Emotional Distress, respectively, all against Hunt (*id.* at PAGEID 19-22, ¶¶ 80-92); and Claim Eight, Negligent Infliction of Emotional Distress, against the Northmont Defendants. (*Id.* at PAGEID 22-23, ¶¶ 93-97).

On December 4, 2025, the Northmont Defendants filed an Amended Answer (Doc. #14) and Motion for Partial Judgment on the Pleadings. (Doc. #15). In the latter, they argue that all federal claims raised by Plaintiffs Baker, Blouch, and Paul are barred by the applicable statutes of limitations, as they all graduated from Northmont High School in 2016, the most recent incident of alleged misconduct occurred in 2017, and the latest incident of misconduct occurred when each of them was at least 18 years old. (*Id.* at PAGEID 120-21, citing Doc. #1, PAGEID 3, ¶¶ 7-9; Doc. #14, PAGEID 103, ¶¶ 7-9). As the statute of limitations is two years from the time the Plaintiffs turned 18, "the statute of limitations for the claims of Baker, Paul, and Blouch expired between 2018 and 2019. There is no plausible reading of

the allegations in their complaint that would suggest their Title IX claims were timely filed in 2025." (*Id.* at PAGEID 121, citing OHIO REV. CODE §§ 2305.10(A), 2305.16, 3109.01; *Pryor v. Ohio State Univ.*, 139 F.4th 536, 540-41 (6th Cir. 2025)). The Northmont Defendants argue that this Court and the United States Court of Appeals for the Sixth Circuit have consistently held that the applicable statute of limitations for Title IX claims is governed by Ohio's statute of limitations for personal injury, which is two years. (*Id.* at PAGEID 122-23, citing *Owens v. Okure*, 488 U.S. 235, 237 (1989); *Pryor*, 139 F.4th at 541 n.1; *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1991); *Harris v. Bd. of Educ.*, 798 F. Supp. 1331, 1342 (S.D. Ohio 1992) (Smith, J.)). The Northmont Defendants conclude that, because "it can readily be determined from the face of the complaint that the Title IX claims of Baker, Paul, and Blouch are barred by the statute of limitations[,]" Claim One must be dismissed. (*Id.* at PAGEID 123). The Northmont Defendants argue that Claim Two is similarly time-barred, because the statute of limitations for a 42 U.S.C. § 1983 claim is also two years. (*Id.* at PAEID 123-25, quoting *Owens*, 488 U.S. at 249-50; citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980); OHIO REV. CODE § 2305.10(A)).

As to the remaining claims, the Northmont Defendants claim that there is no "common nucleus of operative fact" between the state law claims of Plaintiffs

Case: 3:25-cv-00353-WHR-PBS Doc #: 28 Filed: 06/09/26 Page: 6 of 26  PAGEID #: 327

Baker, Blouch, and Paul and the state and federal law claims of Plaintiff Butts, since the injury to Plaintiff Butts happened in 2025.  The Northmont Defendants further assert principles of "comity, judicial economy, convenience, and fairness" weigh against allowing Plaintiffs Baker, Blouch, and Paul to pursue their state law claims alongside Plaintiff Butts.  (Doc. #15, PAGEID 126-27, quoting *FirstEnergy Corp. v. Pircio*, 524 F. Supp. 3d 732, 744 (N.D. Ohio 2021); citing 28 U.S.C. § 1367; *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620-21 (6th Cir. 1999)).  Consequently, they request that the Court refrain from exercising supplemental jurisdiction over Plaintiffs Baker, Blouch, and Paul's remaining state law claims against Defendant Hunt.  (*Id.* at PAGEID 125-26, quoting *Kubala v. Smith*, 984 F.3d 1132, 1137 (6th Cir. 2021)).

Northmont Defendants argue that, if the Court were to maintain jurisdiction over the state law claims, Claims Three and Eight, Negligent Hiring, Supervision, and Retention, and Negligent Infliction of Emotional Distress, respectively, are barred by political subdivision immunity.  (Doc. #15, PAGEID 127, 129).  Specifically, they contend that "[t]he operation of a school bussing [*sic*] system has been determined to be a governmental function" and, thus, the Northmont Defendants are presumptively immune from suit on claims regarding their hiring, supervision, and retention of Defendant Hunt.  (*Id.* at PAGEID 127, citing OHIO REV. CODE § 2744.02(A); *McConnell v. Dudley*, 158 Ohio St. 3d 388, 2019-Ohio-4740).

6

They argue that, because "there is no monetization attached" to District bus service, "and it is not a service normally engaged in by nongovernmental entities[,]" all aspects of the District's bus service must be considered a governmental, rather than proprietary, function. (*Id.* at PAGEID 128 (collecting cases)). Moreover, the Northmont Defendants argue that none of the exceptions to political subdivision liability applies; thus, they conclude, Claims Three and Eight are barred as matters of law. (*Id.* at PAGEID 127-29, quoting OHIO REV. CODE §§ 2744.02(B), 2744.03(A)(6)).

Finally, as to Claim Four, Failure to Report, the Northmont Defendants argue that the statute "creates a personal duty for school *employees* to report suspected abuse. It creates the risk of direct and personal civil liability for those individuals who fail to meet that duty. The statute does not, however, provide for a duty of *a school district or school board* to report." (*Id.* at PAGEID 129-30 (emphasis added), quoting OHIO REV. CODE §2151.421(A)(1)(b),(M)). The Northmont Defendants assert that, because there is neither a duty for the Board to report suspected abuse, nor civil liability for Board members for failing to report, Claim Four is barred against the District as a matter of law. (*Id.* at PAGEID 130, citing *Doe v. Adkins*, 2021-Ohio-3389, 178 N.E.3d 947 (4th Dist.)). In light of the above, the Northmont Defendants argue that the only claims that should be

7

allowed to proceed against it are Claims One and Two by Plaintiff Butts alone. (*Id.*).

On December 19, 2025, Defendant Hunt also moved for judgment on the pleadings. (Doc. #18). Therein, he argues that Claims Five, Six, and Seven, brought against him alone, are barred by the applicable statutes of limitations as to Plaintiffs Baker, Blouch, and Paul. (*Id.* at PAGEID 144-45, citing *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1013 (6th Cir. 2025); OHIO REV. CODE §§ 2305.111, 2307.60; *Weidman v. Hildebrant*, 178 Ohio St. 3d 3, 2024-Ohio3931, ¶¶ 26-27; *Burks v. Dayton Pub. Sch. Bd. of Educ.*, 2023-Ohio-1227, ¶ 50, 212 N.E. 3d 1197 (2d Dist.)).

Plaintiffs did not file memoranda *contra* the Hunt or Northmont Motions; rather, on January 16, 2026, they filed a Motion for Leave to File their First Amended Complaint ("First Amended Complaint 1"). Therein, Plaintiffs seek to add as an additional Plaintiff a Caleb Harp, "a former Northmont student who was sexually abused by Defendant Hunt beginning in 2020." (Doc. #21, PAGEID 162). They argue that the modified allegations address accrual and statute of limitations issues with respect to Claims One, Two, Five, Six, and Seven. (*Id.*, citing *Snyder-Hill v. Ohio St. Univ.*, 48 F.4th 686 (6th Cir. 2022); OHIO REV. CODE § 2305.111(A)(1), (C)).

8

On February 3, 2026, prior to the Court ruling on the First Motion, Defendant Hunt filed an Amended Answer to First Amended Complaint 1. (Doc. #23). However, the Northmont Defendants filed a memorandum *contra*, arguing that, in First Amended Complaint 1, Plaintiffs Baker, Blouch, and Paul have failed to allege new facts that would allow the claims to survive a renewed Rule 12 motion. (Memo. in Opp., Doc. #24, PAGEID 224). Specifically, the Northmont Defendants claim that those three Plaintiffs:

> [D]o not plead any facts to suggest that the abuse they allege they suffered at the hands of Hunt occurred less than two years before they filed their original complaint. They do not plead any facts to suggest that they did not know or understand that they had been abused at the hands of Hunt at the time it occurred. They do not plead any facts to suggest that the Northmont defendants destroyed evidence, hid records from them, denied ordinary public records requests or did anything else that would have precluded them from discovering alleged Title IX violations with a reasonable investigation.

(*Id.* at PAGEID 225). The Northmont Defendants further assert that the bases of Plaintiffs Baker, Blouch, and Paul's claims arise out of the Northmont Defendants' alleged failure to review Hunt's personnel files prior to hiring him, to investigate reports of suspected abuse by Hunt, and to follow up on observations by District employees of "Hunt with students at the bus garage after hours[.]" (*Id.*). However, those Plaintiffs:

> [D]o not point to any new allegation of fact in their proposed amended complaint that would not have been as equally available to them as it was to the Northmont [D]efendants. The fact that these

> three plaintiffs did not *understand* those facts to equal a federal cause of action against the Northmont [D]efendants until Hunt's arrest and the adverse publicity arising therefrom does not save their claims from the statute of limitations.

(*Id.* at PAGEID 225-26 (emphasis in original)).

As to the details of First Amended Complaint 1, the Northmont Defendants argue that putative Plaintiff Harp should not be joined in the case, as his claims do not share a common nucleus of operative fact with Plaintiffs Blouch, Baker, and Paul, and, at any rate, Harp's claims against the Northmont Defendants are also barred by the statute of limitations. (Doc. #24, PAGEID 228-29 n.2). Moreover, the Northmont Defendants argue that the facts underpinning the Title IX claims were either within Plaintiffs' personal knowledge or readily discoverable through public records requests long before the statute of limitations ran. Consequently, they conclude, Plaintiffs' argument that they could not have been aware of Defendant Hunt's prior employment history until an investigation by Cox Media Group Ohio, Inc., turned up the personnel records in 2025 cannot operate to save Plaintiffs Blouch, Baker, and Paul's claims against the Northmont Defendants. (*Id.* at PAGEID 231-33, citing OHIO REV. CODE § 149.43; *State ex rel. Nat'l Broadcasting Co. v. City of Cleveland*, 38 Ohio St.3d 79, 83 (1988); First Amended Complaint 1, Doc. #21-1, PAGEID 169, 173, 174, 175, 177, 189-90, ¶¶ 3, 20, 26, 30, 36, 88).

In Reply, Plaintiffs argue that the new allegations demonstrate both that they could not have been reasonably aware of their claims against the Northmont

10

Defendants until 2025, and that there was a continuous pattern from 2019 through 2024 of District employees being made aware of Defendant Hunt's sexual misconduct with students, but refusing to investigate the reports and, instead, promoting him within the District. (Doc. #25, PAGEID 239, citing Doc. #21-1, PAGEID 176, 177-79, 180-83, ¶¶ 32, 34, 36-42, 47-56). They claim that Plaintiff Harp's joinder is proper "because his claims arise from the same institutional course of conduct and share common questions of law and fact[.]" (*Id.* at PAGEID 240, citing FED.R.CIV.P. 20(a)(1)).

Plaintiffs assert that the Northmont Defendants have used the improper start time for the statute of limitations; the injury causing a Title IX claim to accrue is "the school's actions or inactions, not the actions of the person who abused the plaintiff." (Doc. #25, PAGEID 240-41 (internal quotation marks omitted), quoting *Snyder-Hill*, 48 F.4th at 702). Specifically, they argue that "Plaintiffs did not know and had no reason to know that Northmont had received multiple reports of Hunt's sexual abuse of students from the Rother family, Tucker Rother directly, and Bonnie Hill, and that Northmont had dismissed those reports and taken no action." (*Id.* at PAGEID 241, citing Doc. #21-1, PAGEID 180, 184, ¶¶ 47-48, 63-64). Moreover, they claim that Plaintiffs, as groomed and molested teenagers, had no duty to file public records requests or otherwise investigate the District when the District continued to employ Hunt and trust children around him. (*Id.* at PAGEID

11

242, citing Doc. #21-1, PAGEID 177-78, 180, ¶¶ 36, 38, 47-48). Moreover, they claim that the issue of "*when* Plaintiffs discovered Northmont's misconduct is a question of fact that cannot be resolved at this [Rule 12] stage." (*Id.* at PAGEID 245-46 (emphasis in original), quoting *Garrett v. Ohio State Univ.*, 60 F.4th 359, 367 (6th Cir. 2023)).

Plaintiffs argue that the Northmont Defendants mischaracterize the allegations in First Amended Complaint 1 by treating the complained-of sexual assaults as discrete events, rather than a continuous pattern of behavior by Defendant Hunt to which the Northmont Defendants were deliberately indifferent. (Doc. #25, PAGEID 246-48, citing Doc. #21-1, PAGEID 173, 174-75, 175-76, ¶¶ 19-22, 26-28, 30-34). They claim that they have plausibly alleged that the Northmont Defendants' decisions to hire and continue to employ Defendant Hunt were sufficient to produce colorable Title IX and 42 U.S.C. § 1983 claims, since "adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right." (*Id.* at PAGEID 248, quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 411 (1997)). Plaintiffs allege that the Northmont Defendants undertook no review of Defendant Hunt's personnel files, despite having ready access to them, before hiring him "into a position involving direct, unsupervised

12

access to vulnerable populations where the applicant's file contained evidence of the precise misconduct at issue." (*Id.* at PAGEID 249). They assert that the Northmont Defendants' "failure to conduct even that minimal screening, under these circumstances, is not mere negligence; it is deliberate indifference to a known category of risk so obvious that the failure to act can fairly be said to constitute a policy." (*Id*).

Plaintiffs further argue that the above failure by Northmont Defendants was part of a continuous and "broad policy of deliberate indifference" that makes their Title IX claim timely and actionable. (Doc. #25, PAGEID 249-50, citing *Snyder-Hill*, 48 F.4th at 703-04; Doc. #21-1, PAGEID 173, 176, 177, ¶¶ 22, 32-33, 35). Similarly, they claim that the Northmont Defendants' decision to employ Defendant Hunt in a position that gave him unfettered access to minors constituted a "state-created danger" that can form the basis of a 42 U.S.C. § 1983 claim. (*Id.* at PAGEID 250-51, citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998), *abrogated on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001); *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998)). In sum, Plaintiffs argue that First Amended Complaint 1 "alleges ongoing deliberate indifference during ongoing abuse, a deliberately indifferent hiring decision by a final policymaker, a pre-assault heightened-risk policy, and affirmative state-created danger. Plaintiffs

13

assert that these allegations, accepted as true, state viable Title IX and § 1983 claims for Baker, Paul, and Blouch." (*Id.* at PAGEID 252).

Before the Court could rule on the First Motion, Plaintiffs filed a Second Motion for Leave to File an Amended Complaint, incorporating all the arguments raised in the First Motion and Reply. (Second Motion to Amend, Doc. #26, PAGEID 259). The new Proposed First Amended Complaint ("First Amended Complaint 2"), in addition to having all the new allegations added in First Amended Complaint 1, "adds Tri-County North Local School District Board of Education[("Tri-County Board")], Superintendent William Derringer, Principal Douglas Dunham, and Transportation Supervisor Carl Walters as defendants." (*Id.*). Plaintiffs also add a state law failure to report claim against Defendants Derringer, Dunham, and Walters, and a claim under 42 U.S.C. § 1983 against Defendants Tri-County Board and Derringer. (*Id.* at PAGEID 260). In their memorandum *contra* the Second Motion to Amend, the Northmont Defendants only incorporated by reference their arguments raised in opposition to the First Motion to Amend. (Memo. in Opp., Doc. #27, PAGEID 319-20). Plaintiffs did not file a reply, and the time for doing so has expired. S.D. OHIO CIV.R. 7.2(a)(2).

The matters are now ripe for decision.

14

## II.     Legal Standards

### A.     Leave to Amend

As two Motions for Judgment on the Pleadings are currently pending (Docs. #15, 18), Plaintiffs "may amend [their] pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." FED.R.CIV.P. 15(a)(2); *see also Conrad v. U.S. Bank Nat'l Ass'n*, 391 F. Supp. 3d 780, 784 n.1 (S.D. Ohio 2019) (Black, J.) (Rule 15(a) "does not allow a party to file an amended pleading, without first seeking leave of court, in response to a motion for judgment on the pleadings under Rule 12(c)."). The Supreme Court and the Sixth Circuit have repeatedly directed district courts to be liberal in granting leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987).  However, a court should deny leave "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).  "An amendment is futile when, after including the proposed changes, the complaint still could not withstand a Rule 12[] motion to dismiss." *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022) (internal quotation marks and citation omitted).

15

### B. Judgment on the Pleadings

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). Rule 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 12(c), like Rule 12(b)(6), allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." FED.R.CIV.P. 12(c). The moving party "has the burden of showing that the [opposing party] has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Treesh*, 487 F.3d at 476.

16

Nevertheless, to survive a Rule 12(c) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.  Legal conclusions "must be supported by well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief." *Id.* at 679.

## III.  Analysis

### A.  Defendant Hunt's Rule 12(c) Motion for Judgment on the Pleadings (Doc. #18)

As discussed above, Defendant Hunt did not oppose the First Motion or Second Motion to Amend.  Rather, he filed an Answer to the First Amended Complaint 1.  (Doc. #23).  Because the allegations against Defendant Hunt in the First Amended Complaint 2 have superseded those in the original Complaint that were the subject of Hunt's Motion for Judgment on the Pleading (Doc. #18), that Motion is OVERRULED AS MOOT.

**B.**     **Northmont Defendants Rule 12(c) Motion for Partial Judgment on the Pleadings (Doc. #15) and Plaintiffs' Rule 15 Motions to Amend (Docs. #21, 26)**

**1.**     **Claims One and Two**

The Northmont Defendants oppose Plaintiffs' First and Second Motions to Amend on the grounds that the proposed amended claims in those documents cannot survive a renewed Rule 12(c) Motion and, thus, leave to amend is futile. (Doc. #24, PAGEID 227-28; Doc. #27, PAGEID 319-20).  Consequently, the Court analyzes the Northmont Defendants' Motion for Partial Judgment on the Pleadings and Plaintiffs' First and Second Motions to Amend together.

As to Claims One (Title IX) and Two (42 U.S.C. § 1983), the Northmont Defendants posit—and Plaintiffs do not dispute—that the applicable statute of limitations is the Ohio personal injury statute, which "provides that any claim for bodily injury shall be brought within two years after the cause of action accrued." OHIO REV. CODE § 2305.10(A); *see also Pryor*, 139 F.4th at 539 (reaffirming that "the most analogous statute of limitations for Title IX claims is the forum state's limitations period for personal-injury actions.").  The Northmont Defendants argue that, because some of the alleged abuse by Defendant Hunt occurred when they were minors, Plaintiffs Baker, Blouch, and Paul's claims accrued, and the statute of limitations began to run, on their respective eighteenth birthdays.  (Doc. #15, PAGEID 121-22; *see also Pryor*, 139 F.4th at 540-41, citing OHIO REV. CODE § 2305.16

18

(personal-injury claim of a minor in Ohio does not accrue until the injured turns eighteen)). Plaintiffs, however, argue that "a Title IX deliberate-indifference claim does not accrue until a plaintiff knows or has reason to know that the institution injured him or her, not when the underlying abuse occurs." (Doc. #21, PAGEID 164 (internal quotation marks omitted), citing *Snyder-Hill*, 48 F.4th at 703-04).

Plaintiffs argue that the Northmont Defendants mischaracterize the gravamen of Claims One and Two. (Doc. #25, PAGEID 240-41). Plaintiffs assert that, contrary to the Northmont Defendants' contention that the Claims arise from Defendant Hunt's misconduct while employed by the District (Doc. #15, PAGEID 120-21), those Claims actually arise from an alleged pattern of deliberate indifference by the Northmont Defendants through their failure to do even a cursory review of Defendant Hunt's personnel files and ignoring the repeated reports from individuals that Defendant Hunt was sexually abusing students. (Doc. #25, PAGEID 241-42). Plaintiffs argue that, because they were not aware of *Northmont Defendants'* misconduct until 2025, their claims against those Defendants did not accrue until then. (*Id.* at PAGEID 241-45, citing *Snyder-Hill*, 48 F.4th at 707; *Chapman v. Seuffert*, 713 F. Supp. 3d 425, 439 (N.D. Ohio 2024)).

Statute of limitations questions are rarely resolved at the Rule 12 stage, especially when the accrual date is subject to dispute. *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 464 (6th Cir. 2016); *Lutz v.*

*Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 476 (6th Cir. 2013). The instant matter is no exception. Here, Plaintiffs have chosen to proceed on a theory that the Northmont Defendants were deliberately indifferent to the danger that Defendant Hunt posed and the harm he caused. Plaintiffs have alleged a continuous pattern of failure to investigate Defendant Hunt's employment history before he was hired and when complaints were made about Defendant Hunt's grooming and sexual misconduct between 2012 and 2025. (Doc. #26-1, PAGEID 273-74, 280-83, ¶¶ 23-28, 50-60). Plaintiffs are correct that, unlike in *Chapman*, where the plaintiffs "personally reported misconduct to school officials and personally observed the school ignoring their complaints[,] . . . experienc[ing] the school's deliberate indifference firsthand because they saw it happen to their own reports in real time[,]" (Doc. #25, PAGEID 245, citing *Chapman*, 713 F. Supp. 3d at 439), "Plaintiffs [herein] never reported their abuse to Northmont. The warnings Northmont received came from third parties including the Rother family, Tucker Rother, and Bonnie Hill, whose identities and communications were entirely unknown to Plaintiffs."

Plaintiffs further claim that, irrespective of the abuse they suffered by Defendant Hunt, they (and the public) could not have been aware of the *Northmont Defendants'* knowledge and non-disclosure of complaints against Defendant Hunt until Cox Media Group Ohio's report in August 2025 regarding

20

Defendant Hunt's personnel files containing past misconduct prior to being hired by the District. (*Id.* at PAGEID 283-85, ¶¶ 60-68). Plaintiffs allege that they could not have reasonably known that the Northmont Defendants had injured them until August 2025. As Plaintiffs correctly note, under their theory, it was at that time, not the dates on which they turned eighteen, that the Title IX and 42 U.S.C. § 1983 claims accrued. (*Id.* at PAGEID 287, quoting *Snyder-Hill*, 48 F.4th at 704). Indeed, "[i[t would be unreasonable to conclude that a plaintiff's knowledge that their [*sic*] *individual* complaint was mishandled would reveal that the [school] has a broad *de facto* policy of deliberate indifference generally." *Snyder-Hill*, 48 F.4th at 704 (emphasis in original) (internal quotation marks and citation omitted). As Plaintiffs filed their original Complaint on October 22, 2025 (Doc. #1), Claims One and Two are timely.

The Northmont Defendants' remaining arguments as to Claims One and Two are without merit. The Northmont Defendants argue that Plaintiffs Baker, Blouch, and Paul "had just as much access to prior and current school personnel records as did the news media[,]" and "that personnel records of public employees are public records." (Doc. #24, PAGEID 232-33). However, they cite no authority that Defendant Hunt's alleged sexual assault of Plaintiffs put them on notice to investigate what the Northmont Defendants knew, and the Court is unaware of any. The arguments that Plaintiffs do not allege that the Northmont

21

Defendants destroyed, concealed, or prevented access to Defendant Hunt's employment records, or that they discouraged reporting of abuse or facilitated Defendant Hunt's misconduct (*id.* at PAGEID 233-34), are strawmen. Plaintiffs are not alleging sins of commission, as described by the Northmont Defendants, but rather a sin of omission, to wit: deliberate indifference.

Finally, since the claims of Plaintiffs Baker, Blouch, and Paul are timely, the Northmont Defendants' argument regarding the relation-back doctrine (Doc. #24, PAGEID 228-29, citing *In re Kent Holland Die Casting & Plaiting, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991)) is immaterial with respect to adding Harp as a plaintiff. Moreover, the Court concludes that there is substantial overlap in the facts and legal issues between Harp and the other Plaintiffs, making Harp's addition as a Plaintiff proper.[1] Consequently, Plaintiffs' Second Motion to Amend is sustained, and the Northmont Defendants' Motion for Partial Judgment on the Pleadings is overruled, as to Claims One and Two.

### 2. Claims Three and Eight

In their Rule 12(c) Motion for Partial Judgment on the Pleadings, the Northmont Defendants argue that Plaintiffs' state law Claims Three (Negligent Hiring, Supervision, and Retention) and Eight (Negligent Infliction of Emotional

---

[1] As Claims One and Two remain viable for all Plaintiffs, the Court does not evaluate the Northmont Defendants' argument that the Court should decline to exercise supplemental jurisdiction over the state law claims of Plaintiffs Baker, Blouch, and Paul. (Doc. #15, PAGEID 125-27, citing 28 U.S.C. § 1367).

Distress) are barred by political subdivision immunity, as the transportation of students on school buses is a governmental function, rather than a proprietary function for which no exception to immunity applies. (Doc. #15, PAGEID 127-29, citing OHIO REV. CODE § 2744.02(A-B); *Doe v. Marlington Local Sch. Dist. Bd. of Educ.*, 122 Ohio St.3d 12, 2009-Ohio-1360, ¶ 11 n.2; *N.A.D. v. Cleveland Metro. School Dist.*, 8th Dist. Cuyahoga No. 97195, 2012-Ohio-4929, ¶ 9 (Oct. 25, 2012); *Doe v. Dayton City Sch. Dist. Bd. of Educ.*, 137 Ohio App.3d 166, 170 (2d Dist. 1999)). Plaintiffs do not address this argument in either of their Motions to Amend, and, in fact, the allegations specific to Claims Three and Eight are identical in the original Complaint, in the First Amended Complaint 1, and in the First Amended Complaint 2. (Doc. #1, PAGEID 15-17, 22-23, ¶¶ 61-70, 93-97; Doc. #26-1, PAGEID 294-96, 302-03, ¶¶ 102-11, 141-45).

Moreover, the Northmont Defendants are correct that, contrary to Plaintiffs' allegations (Doc. #1, PAGEID 15-16, ¶ 62; Doc. #26-1, PAGEID 294, ¶ 103, citing OHIO REV. CODE § 2744.02(B)(2)), "[b]ecause the board was required by law to provide transportation for [students], the function of providing it was governmental, not proprietary[.]" *Dayton City*, 137 Ohio App. 3d at 170, citing OHIO REV. CODE § 2744.01(C)(1); *see also* OHIO REV. CODE §§ 3314.09, 3327.01, 3327.011 (statutes requiring school districts to provide transportation for students residing in the district). As Plaintiffs do not claim that another exception to

23

political subdivision immunity applies, Claims Three and Eight would not survive a renewed Motion to Dismiss. Accordingly, Plaintiffs' Second Motion to Amend is overruled, and the Northmont Defendants' Motion for Partial Judgment on the Pleadings is sustained, as to Claims Three and Eight.

### 3.    Claim Four

In the original Complaint, Claim Four, failure to report suspected child abuse, was brought against the Board and Employee Does One through Five. (Doc. #1, PAGEID 18-19, ¶¶ 71-79). The Northmont Defendants argue that Claim Four, failure to report suspected child abuse, must be dismissed as against the Board, because "[t]he statute does not . . . provide for a duty of a school district or school board to report. Nor does the statute expressly impose civil liability on a political subdivision for the failure to report by one of its employees." (Doc. #15, PAGEID 129-30, citing OHIO REV. CODE § 2151.421; *Adkins*, 2021-Ohio-3389). While Plaintiffs do not respond to the Northmont Defendants, Claim Four in the First Amended Complaint 2 is brought only against Employee Does One through Five. (Doc. #26-1, PAGEID 296-98, ¶¶ 112-20). As First Amended Complaint 2, once filed, will render the original Complaint a nullity, the Board is no longer potentially liable under Claim Four. Accordingly, Plaintiffs' Second Motion to Amend is sustained, and the Northmont Defendants' Motion overruled as moot, as to Claim Four.

24

## IV.    Conclusion

For the foregoing reasons, Plaintiffs' First Motion for Leave to Amend (Doc. #21) is OVERRULED AS MOOT.  Plaintiffs' Second Motion for Leave to Amend (Doc. #26) is OVERRULED as to Claims Three and Eight and is SUSTAINED in all other respects.  Defendant Hunt's Motion for Judgment on the Pleadings (Doc. #19) is OVERRULED AS MOOT.  The Northmont Defendants' Motion for Partial Judgment on the Pleadings (Doc. #15) is OVERRULED with respect to Claims One and Two, SUSTAINED as to Claims Three and Eight, and OVERRULED AS MOOT as to Claim Four.  Claims Three and Eight are DISMISSED WITH PREJUDICE, and judgment shall ultimately enter in favor of the Northmont Defendants and against Plaintiffs on those claims.  Once Plaintiffs' First Amended Complaint is filed, the following claims remain viable:  Claims One and Two against all Northmont Defendants, Claim Four against Employee Does I through V, and Claims Five through Seven against Defendant Hunt.

Plaintiffs shall separately file First Amended Complaint 2 (Doc. #26-1) as their First Amended Complaint within seven (7) days of entry.  Defendant Hunt and the Northmont Defendants shall answer, move, or otherwise respond to that First Amended Complaint within twenty-one (21) days thereafter.  Plaintiff shall request issuance of summons against the Tri-County Defendants or file waivers of service within fourteen (14) days of filing the First Amended Complaint.

25

IT IS SO ORDERED.

_Walter H. Rice_
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

June 9, 2026